---

(Lucas County, Ohio, Common Pleas.)
THOMAS McGREVY v. THE BOARD OF EDUCATION. etc.

---

*Contract by Board—Amendment of Bid—Illegality of Contract—*

1. Board required to let to lowest bidder, and no right to allow bid to be amended so as to increase the amount of the original bid—

2. Contract made for amount larger than original bid is void—

3. Contractor cannot recover either the contract price or on quantum meruit although the work done and accepted by the board—

PRATT, J. (orally).

This case has been submitted to the court without the intervention of a jury, upon the issue made between the petition and the first defense of the answer.

The petition alleges a contract made March 9th, 1897, to excavate the basement of the high school building for the sum of $1,800. It alleges extra work done under the contract amounting to $1,393.60; making a total amount of $3,193.60, and crediting various and sundry payments

[COPYRIGHT, 1899, BY CARL G. JAHN.]

which in the whole mount to $2,135.74, and asks for a judgment against the board of education, defendant, for $1,057.86 and interest.

The first defense has certain numbered paragraphs; the first alleging that the board of education is a school district of the second class; and, second, setting forth a resolution adopted for the building of a high school building November 30th, 1897, and advertising for bids; third, the receiving and opening of the bids, and stating that the plaintiff's bid for said excavation was $1,215.00. The fourth alleges that this was the lowest bid received for that work. The fifth paragraph alleges that the board unlawfully permitted the plaintiff to modify his bid so as to make it $1,800.00; sixth, that the bid, modified in that manner and contract thereunder was unlawfully let at $1,800; the seventh paragraph is an allegation—which is a conclusion of law—that the bid is therefore void.

The reply admits the first, second, third and fourth paragraphs of the answer, and make a qualified denial of the fifth and sixth.

The fifth alleges: That thereafter, and without warrant of law and contrary thereto, said board adopted a resolution whereby it attempted to authorize said plaintiff to so modify and amend his bid as to make it appear that the amount thereof was $1,800.00 instead of the sum of $1,215.00.

The sixth paragraph: "Said plaintiff thereupon amended and modified his bid as aforesaid, and hereafter said board did unlawfully attempt to enter into a contract with said plaintiff for the performance of said work at said price of $1,800; and on the 9th day of March, 1897, wrongfully caused said board to affix its signature to a certain instrument in writing, a copy whereof is attached to the petition of said plaintiff."

Now, what these allegations amount to is, that this was done without warrant of law, and unlawfully done. These allegations are denied by the reply. It does not really deny that they were done, but denies that they were unlawfully done.

The reply to the seventh paragraph of the answer—which is marked the seventh paragraph of the reply—and on which the issue really is made, is as follows: "Plaintiff, further replying to said first defense, says that the plans of said work submitted to him by defendant for the purpose of preparing his bid did not indicate on what scale they were drawn. That is the first issue made—although the paragraphs are not numbered; and the second is that "after plaintiff's said bid had been filed with defendant and accepted by it, plaintiff was then informed by said defendant that defendant's plans were drawn to the scale of one-eighth of an inch to the foot, and he thereupon declined to enter into a contract for said sum of $1,250; and immediately thereafter plaintiff, at the request of the defendant and by reason of the misunderstanding and mistake as to the scale upon which said plans for such work were drawn, did amend his bid so as to make it $1,800, and still said amended bid was the lowest and best of all the bids submitted to the defendant for the doing of said work."

It is put in here, in pencil, that said work was one of urgent necessity, which I suppose counsel for plaintiff does not claim that he has proved, and that plaintiff and defendant then entered into said contract as set forth. The statute of course provides that this new matter alleged in the reply should be treated as denied without further pleading, and these issues are, then:

First, did the plans submitted fail to show the scale on which they were drawn?

The plaintiff testifies that he did not see any scale, and supposed it was drawn to the scale of one-quarter of an inch. On the contrary, the tracing of the original plan—so testified to be by an employe in the office of Bacon & Huber, the architects—plainly shows upon it the scale of one-eighth of an inch; and a blue print is introduced in evidence, but the part of it on which the scale was indicated on the tracing was torn off. This employe testified that only one set of plans

was drawn, and that this blue print was made from the plan as drawn. The result of it, in my judgment, is that the plaintiff has failed to prove the allegation made—that the scale was not shown.

The second is, that he refused to enter into a contract on discovering that the scale was one-eighth of an inch instead of one-fourth.

That was proven by his testimony, and there is nothing against it; that fact is therefore proven; he refused to enter into a contract upon the bid of $1,215, when he discovered, as he says for the first time, that the scale was one-eighth of an inch instead of one-fourth.

Third, that he afterwards amended his bid, at the request of defendant and by reason of the mistake.

Proceedings are shown of the board of education, and a motion by Mr. Lewis is shown that plaintiff be permitted to amend his bid by reason of a mistake, and the motion carried.

The questions here raised which are important. The bid is produced, and it is for $1215—the original bid—and the only bid so far as the evidence shows that was put in. Whether the action of the board constituted an amendment to the bid, might be questioned—a question which I have not found it necessary really to decide.

The second important question is, Was it, if considered as an amendment, such an amendment as could be permitted after the bids had been received and opened in accordance with the advertisement, and could it, if made, be considered by the board, lawfully and legally?

Not considering the first question here as of particular importance—the rule being that a mere question of form would be treated very lightly by a court and construed very liberally, so far as form it concerned if it tended to promote the ends of justice, it would be treated as an amendment, provided it was an amendment that could properly and legally be made in accordance with the provisions of the statute. But the second question, Whether upon

the facts appearing here, as to the right of a bidder to amend at the time and under the circumstances shown, and the right of the board to consider the amendment supposing it to be made, or treated as made, and award a contract on the same as amended, that in my judgment is the vital question and decisive of this case. However, before examining this question it is proper for me to say why I think this question decisive; and that brings under consideration the principal argument of plaintiff's counsel and the authorities by him cited. In substance, the contention of plaintiff's counsel is as to the obligation of the board to pay for the work performed by plaintiff of which it, representing the public, has received the benefit, and which under the circumstances of the case it is impossible to restore to plaintiff; in short, whether the defendant, having stood by while the plaintiff had performed this contract on his part, without any objection on its part or any suggestion of any proposed defense against the payment of his claim—whether the board will now be permitted to make any defense against the performance of the contract to pay on its part? That whatever the rights of the parties might have been if the contract were still executory merely, they are not necessarily the same when an executed contract is under consideration and the suit is for the recovery of pay for work done, and it is claimed that in common honesty the defendant should be required to pay for the work done by the plaintiff the benefit of which it has received.

This contention by the plaintiff has been supported by various authorities; 73 New York, 238, where there had been a failure to publish an ordinance for ten days; the well known case of Cincinnati v. Cameron, in the 33 Ohio State; and a case in the 7th New York Supplement, 317; and a case in 39 Ohio State, 138, and the case of Cleveland v. Dennison, 16 Circuit Court Reports, 531. The Cameron case quite strongly sustains the position taken by the plaintiff; but in this circuit court case, the opinion of

Judge Marvin and the authorities cited by him tend very strongly to support this contention on the part of plaintiff's counsel, and I may say that it impressed me at the time very strongly, and at the time the case was submitted I did not know of anything later in Ohio, or perhaps in Ohio outside of the Cameron case, that tended to controvert the argument of Judge Marvin in his opinion or of the cases cited by him. Since the argument of the case, my attention has been called to a decision of the Supreme Court as reported in a decision rendered by that court on June 13th—the syllabus merely—in the case of The Buchanan Bridge Company v. James K. Campbell, et al., Commissioners. Error to the circuit court of Fulton county. The syllabus of the case is as follows:

"A contract made by county commissioners for the purchase and erection of a bridge in violation or disregard of the statutes on that subject, is void, and no recovery can be had against the county for the value of such bridge. Courts will leave the parties to such unlawful transaction where they have placed themseles, and will refuse to grant relief to either party."*

Counsel for defendant called my attention to this and said he did not find any report of the decision of this case in the Circuit Court Reports. On speaking to Judge Barber about the case, he told me that he remembered that the decision in the common pleas was reported in the 3d Nisi Prius Reports, at page 176. That is the opinion of Judge Sheets. I find in it the character of the case which was passed upon, which was what I desired to find especially, not having the opinion of the circuit or of the Supreme Court, and the case is said to be as follows:

The petition avers, in substance, that the plaintiffs, The Buchanan Bridge Co. sold to the defendants, the Board of County Commissioners of Fulton county, the material for a certain bridge and substructure thereto, and that the material for said bridge

*The opinion of supreme court since published—Vol. 42 Bull. 99.

and substructure was delivered by it at Morenci, Mich.; that the defendants received said bridge and substructure and removed the same to Fulton county, Ohio, and there erected said bridge upon a public highway and over a stream in Fulton county, and not within the limits of any municipality, and opened the same for public travel about the third day of December, 1894, and ever since said date the bridge so erected has been used by the people of Fulton county and the public in general as a part of said highway.

Also that the defendant commissioners agreed to pay for said bridge and sub-structure the reasonable value thereof within a reasonable time after the delivery of the same, and that such reasonable time has elapsed, and the reasonable value of said bridge and sub-structure was $1658.55, and that the defendants, commissioners of Fulton county, neglect and refuse to pay for the bridge and sub-structure, or any part thereof.

The prayer of the petition is for judgment. It is upon quantum meruit.

"The petition does not aver, nor is it claimed by counsel for the plaintiff that the methods pointed out by the statute to be pursued by the commissioners in making such contracts on behalf of the county, has been followed in this instance. Indeed, it is conceded that the failure on the part of the commissioners to comply with the law in making the purchase of this bridge, renders the contract therefor void. It is claimed, however, that the county having had the benefit of the bridge erected upon one of its public highways, should pay the reasonable value for such bridge."

The opinion covers several pages and is exhaustive. Judge Sheets says it was submitted to him at a prior term, and he has taken time to examine it, and he discusses the Cameron case cited by counsel here, and discusses the decisions under various statutes to the extent of several pages. Of course it is not necessary to quote the argument here, because we have the decision of the Supreme Court upon

the facts, which is the important thing to be arrived at. Under that case, the plaintiff's position here would have been no better if he had brought it upon quantum meruit instead of upon the contract, and it seems to me to be conclusive, the conclusive decision of the Supreme Court of this state, and it would be utter folly of course, for a common pleas judge to go into the decisions of other states either pro or con, or even decisions of the circuit court, or the prior decisions of this court; this is the last pronouncement of the Supreme Court upon this subject, and though it is a contract made by commissioners, I see no reason why the reasoning does not apply to boards of education—holding that no recovery can be had upon a contract let either in violation of or in disregard of the statutes upon the subject; and the only question that is left to be decided is, Whether or not the board in permitting this amendment—there having been an advertising here and bids put in—and the plaintiff having executed this contract, whether the doing of the work can be recovered for in either form?

Now, the statute required, sec. 3988, that "When a board of education determines to build * * * or make any improvement or repair provided for in this chapter, the cost of which shall exceed, in city districts of the first and second class, fifteen hundred dollars * * * the board shall advertise for bids for the period of four weeks, in some newspaper of general circulation" etc. Second. "The bids, duly sealed up, shall be filed with the clerk by twelve o'clock noon, of the last day stated in the advertisement." It is further provided that said bids shall be opened; that none but the lowest responsible bid shall be accepted; but the board may in its discretion reject all the bids or accept any bid, for both labor and material which is the lowest, etc. This being a city district of the second class, as stated in the pleadings and as the fact is, the statute required that for any improvement the cost of which should exceed $1500—except in cases of urgent necessity—should be advertised

and bids received, duly sealed up and filed with the clerk, and at a time named to be opened and read, etc. The provision was carefully framed in order to insure the fullest and fairest competition possible, and it is plainly of the essence of this provision that each and every bid made shall be made without any knowledge or means of ascertaining the terms of a bid by any other person.

In the Blind Asylum case, in 19 Ohio St., 97 to 110, decided in 1869, thirty years ago, while it was a mandamus case, and not exactly like this, in that case it was very earnestly contended by very able counsel, that a recovery might be had; and the question in that case, the principle stated and decided there, has at all times been recognized as involving all classes of bids in the state of Ohio. The case is very similar in some of its facts to this case. On page 108 the facts are stated, but I will not read them. A party claimed a right to amend his bid, and the principle is stated; and also on page 109, and at the botttom of the latter page is a qualification as to what may be amended—it is a sort of a breakwater that the court put in as an addenda to what it was necessary for them to say in deciding the case, and it says: "In what has thus far been said, however, we do not intend to be understood as holding that a mistake in a proposal may not be rectified in case the fact of the mistake and the requisite data for its rectification are both apparent upon the face of the proposal" Now, in this case, there is nothing upon the face of this bid by which any rectification of this bid can be made or could be made. It is sought to sustain the amendment wholly upon parol proof, except in so far as the record of the board of education affirms that there was a mistake, without undertaking to set forth what the mistake was, in any respect; so that in fact it is attempted to be sustained upon oral testimony of the plaintiff alone. Now I do not know of any case in Ohio that can be said to vary or to let down this rule, unless it is the case in 42 Ohio St., Ross

v. Board of Education, page 374, a case where there is a question of waiver of defects in a bid, and the third clause of the syllabus is: "The board may waive defects in the form of a bid where such waiver works no prejudice to the rights of the public for whom the board acts."

But in this case before us, it is not a question of the form of the bid—the bid is all right in its form; it is an increase of the price for doing certain specified work. It can hardly be said that that was a defect in the bid; it was a straight bid to do certain required work, for a certain sum; there is nothing in the bid to shew a mistake and no data from which its rectification could be made, and, further than that, if we are to look at the parol testimony—the testimony of the plaintiff himself—what was done here would not be a rectification of this bid. If the bid was made upon the supposition that it was a one-quarter inch scale when in fact it was a one-eighth inch scale, according to plaintiff's testimony and according to the rules that all of us studied in the old arithmetics, of multiplication, it should have been corrected to read $2430.00, instead of $1800, and then it would not have been the lowest bid. You can find no reason for making this bid $1800, except that the parties themselves—the board and the plaintiff—made a private contract after the bids were all opened and both the board and the plaintiff knew what the others had bid—a private contract to do the work at less price than the lowest bidder. If that can be done, there is no use in having a statute; it is not only in utter disregard of the statute, as was the Fulton county case, but it is in violation of the statute, and while there may have been in this case no intention to defraud anybody, still it would be opening the door to the grossest of frauds that might be perpetrated, and it would be against public policy to permit it against the statute. While I always like to see parties get pay for work honestly done, still every person working for a municipal corporation is bound to know the law and is presumed to know

the provisions of the statute under which a public body is acting, and is bound to know, and it seems to me, as I have said, that there is no escape from the fact that this contract was unlawful.

I do not think I can agree with what counsel for the city has conceded —that an action might have been brought for the amount of the bid, $1215. I do not see that that position can be supported at all. I think that the first defense is complete and perfect, and that the petition will have to be dismissed.

You may file your motion for a new trial and I will give you the usual time within which to prepare your bill of exceptions; you will need a bill of exceptions to review this.

P. A. McGahan, for the Plaintiff.
C. S. Northup, Asst. City Sol., for the Defendant.